IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                                  CIVIL NO. 5:09-cv-25(DCB)
                                      CRIMINAL NO. 5:06-cr-11(DCB)(JCS)

ANTHONY T. JACKSON

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Anthony T. Jackson ("Jackson")'s motion to vacate sentence pursuant to 28 U.S.C. § 2255 (**docket entry 28** in criminal no. 5:06-cr-11). Having carefully considered the motion and the United States' response, as well as the memoranda of the parties and the applicable law, the court finds as follows:

In his § 2255 motion, Jackson alleges (1) ineffective assistance of counsel, and (2) that in reducing his sentence in accordance with Section 3582(c), United States Code, pursuant to Amendment 706 to the Sentencing Guidelines that lowered the base offense levels applicable to cocaine base ("crack") offenses, the Court should have also applied amendment 709 to his case. The Government opposes the defendant's motion on the basis that it is untimely.

Jackson was the sole defendant in an indictment charging him with distribution of cocaine base which was returned by the grand jury on February 22, 2006. In accordance with a plea agreement, on June 5, 2006, the defendant pleaded guilty to Count 1 of the

indictment, stipulated that the amount of drugs involved, including relevant conduct, was 46 grams of a mixture or substance containing cocaine base, and waived appeal.  On October 2, 2006, Jackson was sentenced to 100 months of imprisonment, to be followed by five years of supervised release, and was ordered to pay a $100 special assessment.  The defendant's sentence was calculated from a base offense level of 30.  He received a three-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  His total offense level was 27.  Thus, with a Criminal History Category of IV, his guideline range was 100 to 125 months.

Jackson was sentenced within the guideline range to 100 months.  The Judgment was entered on October 16, 2006.  On February 20, 2008, the defendant filed a motion for modification or reduction of sentence under section 3582(c)(2).  On March 14, 2008, an agreed order reducing the defendant's sentence to 84 months pursuant to Amendment 706 was entered by the Court.  The defendant filed the instant motion on March 4, 2009.

On April 24, 1996, the president signed into law Congress' recently passed changes to 28 U.S.C. § 2255 contained in the AEDPA.  Applicable to Jackson's present motion is the section which imposes a one year statute of limitations on § 2255 filings.  The relevant section provides: "The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final."  Because the instant § 2255 Motion was filed after the

2

effective date of the AEDPA, these amendments apply to this case. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997).

The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003); <u>United States v. Gamble</u>, 208 F.3d 536, 536-37 (5th Cir. 2000)(<u>per</u> <u>curiam</u>). Further, a defendant stands "fairly and finally convicted" after waiver of appeal. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982). Thus, the defendant's conviction became final on June 13, 2006, after the waiver of his appeal.

The defendant failed to file his motion within the applicable one year statute of limitations. If a Section 2255 motion is not filed within one year of the date the conviction became final, it is time barred. <u>See</u> <u>United States v. Flores</u>, 135 F.3d 1000, 1006 (5th Cir. 1998). Jackson filed his § 2255 motion on March 4, 2009, almost two years late.

Jackson argues that his motion is timely, because the Court's order reducing his sentence on March 14, 2008, reset the clock. This argument is without merit. Contrary to the defendant's assertion, a sentencing reduction entered pursuant to Section 3582(c)(2) does not deprive the underlying judgment of its finality for purposes of a collateral attack under 28 U.S.C. § 2255, and thus does not operate to restart the one-year limitations period

3

applicable to such motions. A Section 3582(c) order simply "modifies" the existing judgment, and does not result in the entry of an entirely "new" judgment. See United States v. Ticchiarelli, 171 F.3d 24, 36 (1st Cir. 1999). Thus, any suggestion that the Section 3582(c) order itself results in a new judgment for purposes of Section 2255 is incorrect.

In fact, Congress specifically considered the potential effect of a sentence reduction on the finality of a judgment, and concluded that it does not deprive an otherwise final judgment of its finality. 18 U.S.C. § 3582(b) provides as follows:

> (b) Effect of finality of judgment. – Notwithstanding the fact that a sentence to imprisonment can subsequently be –
>
> > (1) modified pursuant to the provisions of subsection (c);
> >
> > (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> >
> > (3) appealed and modified, if outside the guidelines range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

This provision, by its terms, "makes clear that a judgment [of] conviction is final even though it can be appealed or modified," United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993)(quoting legislative history); see also United States v. Stossel, 348 F.3d 1320, 1322 (11th Cir. 2003)("Section 3582(b)(3) is not a vehicle for obtaining a sentence modification, but merely defines finality.").

4

In United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), the defendant admitted that his Section 2255 motion was filed more than one year after his conviction had become final, but he argued that his motion was timely because it had been filed within one year of the completion of his resentencing, which had been ordered under Fed. R. Crim. P. 35(b) and implemented under 18 U.S.C. § 3582(c)(1)(B). Id. at 141-42. The Fourth Circuit rejected this argument, explaining that "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment." Id. at 143. Although Sanders' sentence had been "modified" under Section 3582(c)(1)(B), "[t]he plain text of Section 3582(b) clearly states that this later modification does not affect the date on which Sanders' judgment of conviction became final 'for all other purposes.'" Id. Accordingly, the Court held that the earlier-entered judgment of conviction "constitutes a final judgment for all other purposes under Section 3582(b), including the beginning of Section 2255 subsection (1)'s limitations period." Id. For these reasons, Sanders' Section 2255 motion was untimely for purposes of 28 U.S.C. § 2255 ¶ 6(1). Id. at 143-44; accord, United States v. Schwartz, 274 F.3d 1220, 1224 (9th Cir. 2001)("As the Fourth Circuit noted in [Sanders], Congress did not intend for motions under Rule 35(b) to prevent a conviction from becoming final for Section 2255 purposes.").

5

While Sanders involved a Rule 35(b) motion, and a corresponding modification under Section 3582(c)(1)(B), its reasoning applies equally to Jackson's motion under Section 3582(c)(2). The fact of the modification does not deprive the original judgment of its finality "for all other purposes," including the commencement of Section 2255's limitations period. The Court shall therefore deny the defendant's § 2255 motion as untimely.

The Court also finds that Jackson's claim of ineffective assistance of counsel and an incorrectly calculated criminal history is based on his assertion that amendment 709 to the U.S. Sentencing Guidelines should have been applied to his case. However, amendment 709 was not made retroactive and, thus, is inapplicable to the defendant's case. See U.S. v. Espericueta, 2010 WL 1141670 *1 (5th Cir. March 22, 2010)("[A]mendments to the Guidelines cannot be considered in a § 3582(c)(2) motion unless they are listed in U.S.S.G. § 1B1.10(c) and ... amendment 709 is not listed in § 1B1.10(c) ...."). Thus, no error was committed by defense counsel, and the defendant's assertion of ineffective assistance of counsel is without merit.

The Court also finds that there is no need for an evidentiary hearing. An evidentiary hearing is not required pursuant to 28 U.S.C. § 2255 if the motion, files, and record or recollection of the case show the defendant is entitled to no relief. See United

States v. Green, 882 F.2d 999, 1008 (5th Cir. 1989).

Accordingly,

IT IS HEREBY ORDERED that the petitioner Anthony T. Jackson's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 **(docket entry 28** in criminal no. 5:06-cr-11) is DENIED, and this action is dismissed with prejudice. A separate judgment in compliance with Fed.R.Civ.P. 52 shall issue.

SO ORDERED, this the 14th day of June, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE